IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA d/b/a
SERNA & ASSOCIATES CONSTRUCTION CO., LLC,

    Plaintiff,

v.                                                                  CV 17-20 JB/WPL

MARGETTE WEBSTER et al.,

    Defendants.

**ORDER GRANTING MOTIONS TO STAY**

Defendants Judge Monica Zamora, Judge Beatrice Brickhouse, Judge Carl Butkus, Judge Alan Malott, Clerk of Court Joey Moya, Amy Mayer, Madeline Garcia, Lynette Rodriguez, Arthur Pepin, Cheryl Ortega, James Noel, Cindy Molina, and Bobbi-Jo Walker (the "Judicial Defendants")[1] filed a motion to stay on the basis of judicial immunity (Doc. 37), pending resolution of their motion to dismiss (Doc. 33). As grounds for dismissal, the Judicial Defendants assert sovereign immunity, judicial immunity, and failure to state a claim upon which relief can be granted. (*Id.*) Defendant Carl Calvert also filed a motion to stay on the basis of arbitral immunity (Doc. 42), pending resolution of his motion to dismiss (Doc. 34). Calvert asserts arbitral immunity, lack of standing, and failure to state a claim upon which relief can be granted as grounds for dismissal. (*Id.*) Given the rapidly increasing number of filings in this case, I stayed briefing as to all non-dispositive matters, allowed briefing to continue on the pending

---

[1] Plaintiff Emma Serna also brought suit against the State of New Mexico. In a subsequent filing, however, she agreed that the State of New Mexico should be dismissed from this case. (Doc. 54 at 7 ("Dismissal against the state of New Mexico is proper, and should be dismissed.").)

dispositive motions (Docs. 23, 33, 34, 36, and 40), and ordered Serna to file an expedited response to the motions to stay no later than 12:00 p.m. on February 21, 2017. (Doc. 45.)

Serna did not file a response. Pursuant to Local Rule of Civil Procedure 7.1(b), failure "to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). While Serna's failure to respond is a sufficient basis upon which to grant the motions to stay, the motions to stay are also meritorious in their own right.

The power to impose a stay is incidental to the Court's inherent power to control its docket. *United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010). Immunity provisions—qualified, absolute, or pursuant to the Eleventh Amendment—are intended "to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Eggert ex rel. Eggert v. Chaffee Cty., Colo.*, Civil Action No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *1 (D. Colo. Aug. 25, 2010) (unpublished) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 684-85 (2009)). Whether an official is entitled to immunity turns entirely on questions of law. *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Plumhoff v. Rickard*, --- U.S. ---, 134 S. Ct. 2012, 2023 (2014) (reaffirming that officials acting in discretionary capacities are generally entitled to immunity unless their conduct violates clearly established law).

"The purpose[s] of discovery . . . are (1) to narrow the issues; (2) to obtain evidence for use at trial; and (3) to secure information as to the existence of evidence that may be used at trial." *Wood v. Todd Shipyards*, 45 F.R.D. 363, 364 (S.D. Tex. 1968) (citing *Berry v. Haynes*, 41 F.R.D. 243 (S.D. Fla. 1966)). On a motion to dismiss, the Court "must take all of the factual allegations in the complaint as true," but is not required to accept proposed legal conclusions. *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The resolution of these motions to dismiss turns solely on questions of law. Serna failed to respond to the motions to stay within the time allotted. Because immunity protects officials from the burdens of litigation, I grant the motions to stay pending resolution of the motions to dismiss. As previously addressed in my February 13, 2017 Order (Doc. 45), briefing will continue on the dispositive motions: Doc. 23, Motion to Dismiss; Doc. 33, Motion to Dismiss; Doc. 34, Motion to Dismiss; Doc. 36 Motion to Dismiss; and Doc. 40, Motion to Dismiss. Other than the pending dispositive motions, this case is stayed pending further Order.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.