IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA d/b/a
SERNA & ASSOCIATES CONSTRUCTION CO., LLC,

      Plaintiff,

v.                                                          CV 17-20 JB/WPL

MARGETTE WEBSTER et al.,

      Defendants.

**ORDER**

This matter comes before me on several pending motions and miscellaneous filings. Pro se Plaintiff Emma Serna filed a Motion to Have the Honorable [Judge] Browning Hear All Dismissal Briefs (Doc. 53), which I construe as a motion for hearing; Serna's motion for an extension of time to respond to a motion to dismiss (Doc. 57); Serna's Motion to Dismiss Untimely Stay (Doc. 65), which I consider a motion for reconsideration of my February 23, 2017, order granting two motions to stay (Doc. 55); Defendant Robert "Bob" Simon's opposed motion for withdrawal and substitution of counsel (Doc. 64); Serna's filing entitled "Attorney for Judicial Defendants Made a False Statement to the Court," which I consider to be a notice (Doc. 91); and a Notice by Defendants Judge Beatrice Brickhouse, Judge Carl Butkus, Judge Alan Malott, Judge Nan Nash, Judge Monica Zamora, Joey Moya, Amy Mayer, Madeline Garcia, Arthur Pepin, Cheryl Ortega, James Noel, Cindy Molina, Bobby-Jo Walker, and the State of New Mexico (collectively "the Judicial Defendants") that Serna was refusing to accept filings at her address of record (Doc. 85).

Simon filed an opposed motion for withdrawal and substitution of counsel, citing an unexpected conflict of interest. The motion is granted.

Serna filed a motion to have Judge Browning "hear" this case. (Doc. 53.) Judge Browning referred this case to me on January 10, 2017. (Doc. 6.) To the extent that Serna seeks a hearing in front of Judge Browning, I hold her motion in abeyance for Judge Browning's resolution. To the extent that Serna seeks a telephonic or in-person hearing on the pending motions, the motion is denied. *See* D.N.M.LR-Civ. 7.6(a) ("A motion will be decided on the briefs unless the Court sets oral argument.").

Serna also filed a motion to extend time to respond to a motion to dismiss. (Doc. 57.) The Defendants at issue in that motion did not oppose the extension. (Doc. 60.) The motion to extend time is thus granted, and Serna has already filed an appropriate response (Doc. 61).

Serna then filed her "Motion to Dismiss Untimely Stay." (Doc. 65.) Serna includes neither factual nor legal argument, but states that default judgments have not been entered or signed, the Court has not overruled an order from the state district court, and summary judgment has not been signed. (*Id.*) While all of these things are true, they have no bearing on whether the Order of Stay (Doc. 55) was appropriate. Serna's statements also include an implicit assumption that default judgment will be entered, that the Court can and will overrule a civil order of the state district court, and that the Court will grant summary judgment. These assumptions do not form a proper basis for reconsidering my earlier Order. The motion is therefore denied.

Finally, Serna filed a document entitled "Attorney for Judicial Defendants Made a False Statement to the Court." (Doc. 91.) Serna alleges that counsel for the Judicial Defendants "is making false statements[] and refused to follow the rules." (*Id.* at 1.) As support, Serna argues that counsel for the Judicial Defendants is violating the rules by listing only Emma Serna as the

plaintiff, rather than listing Serna and her construction company as plaintiffs. Serna thus contends that counsel violated 18 U.S.C. § 1519 and that 18 U.S.C. § 3162(a) applies. Section 1519 details a criminal offense for knowingly falsifying or concealing entries in records or documents with the intent to interfere with the investigation or administration of a federal agency or a bankruptcy case. To the extent that Serna attempts to bring a criminal charge against counsel, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," and cannot base a claim for which relief can be granted on criminal statutes. *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (quotation omitted). As to Serna's argument that § 3162(a) applies, that section is part of the Speedy Trial Act, relating to criminal cases, and specifies sanctions for violations of the Speedy Trial Act—that is, what happens if a criminal defendant is not indicted or formally charged or is not brought to trial within the specified time period. It has no bearing on this case.

I note that, presently, the correct case caption reads "EMMA SERNA d/b/a SERNA & ASSOCIATES CONSTRUCTION CO., LLC," as Plaintiffs. Counsel for the Judicial Defendants will use the appropriate case caption.[1] Serna's request for sanctions and a reprimand is denied.

I remind Serna that she has a continuing obligation under Local Rule 83.6 to notify the Clerk, in writing, of any change in her mailing address or other contact information. If the mailing address on file is not correct, Serna must update her address with the Clerk.

---

[1] Serna should not construe this as judicial blessing on her persistent attempts to represent, pro se, Serna and Associates Construction Co., LLC, in violation of Local Rule 83.7. There is an outstanding Proposed Findings and Recommended Disposition on this issue. (Doc. 103.)

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.