**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EMMA SERNA d/b/a SERNA & ASSOCIATES
CONSTRUCTION CO., LLC,

      Plaintiff,

vs.                                                                                              CIV 17-0020 JB/WPL

MARGETTE WEBSTER; DAVID WEBSTER;
STATE OF NEW MEXICO, U.S. Judicial Court
Division; CLAYTON CROWLEY; ALEX
CHISHOLM; CARL BUTKUS; CINDY MOLINA;
ALAN MALOTT; BEATRICE BRICKHOUSE;
BOBBY JO WALKER; JAMES O'NEAL;
ROBERT BOB SIMON; ESTATE OF PAUL F.
BECHT; CARL A. CALVERT; JOEY MOYA;
AMY MAYER; GARCIA MADELIENE;
ARTHUR PEPIN; MONICA ZAMORA; CHERYL
ORTEGA; JOHN DOE #1; PAT MCMURRAY;
MARTHA MUTILLO; SALLY GALANTER;
NEW MEXICO CONSTRUCTION INDUSTRIES
DIVISION; ROBERT "MIKE" UNTHANK;
MARTIN ROMERO; AMANDA ROYBAL; NAN
NASH and JOHN WELLS,

      Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 12, 2017 (Doc. 103)("PFRD"); and (ii) the Plaintiff's Entry of Objection of Disposition of Serna & Associates Construction Co., LLC and Allow Attorney as De Novo, filed April 17, 2017 (Doc. 109)("Objections"). Because the Court agrees with the conclusion of the Honorable William P. Lynch, United States Magistrate Judge for the District of New Mexico, the Court will adopt the PFRD, dismiss without prejudice all

claims that Serna & Associates Construction Co., LLC ("Serna & Associates") purportedly

brings, and remove Serna & Associates from this case.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended

disposition. See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the

required proceedings when assigned, without parties' consent, to hear a pretrial matter

dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 10 days after

being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations."  Finally, when resolving

objections to a Magistrate Judge's proposal, "the district judge must determine de novo any part

of the magistrate judge's disposition that has been properly objected to.  The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to the magistrate's report enables the district judge to focus

attention on those issues -- factual and legal -- that are at the heart of the parties' dispute."

United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements,

and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474

U.S. 140, 147 (1985)).  As the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held in One Parcel "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  And, in an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

_____

[1]28 U.S.C. §§ 631-39.

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the

waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.

The Supreme Court of the United States -- in the course of approving the United States Court of

Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a
> magistrate's factual or legal conclusions, under a *de novo* or any other standard,
> when neither party objects to those findings.  The House and Senate Reports
> accompanying the 1976 amendments do not expressly consider what sort of
> review the district court should perform when no party objects to the magistrate's
> report.  See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.R.
> Rep. No. 94-1609, p. 11 (1976); U.S. Code Cong. & Admin. News 1976, p. 6162
> (hereafter House Report).  There is nothing in those Reports, however, that
> demonstrates an intent to require the district court to give any more consideration
> to the magistrate judge's report than the court considers appropriate.  Moreover,
> the Subcommittee that drafted and held hearing on the 1976 amendments had
> before it the guidelines of the Administrative Office of the United States Courts
> concerning the efficient use of magistrates.  Those guidelines recommended to the
> district courts that "[w]here a magistrate makes a finding or ruling on a motion or
> an issue, his determination should become that of the district court, unless specific
> objection is filed within a reasonable time."  See Jurisdiction of the United States
> Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in
> Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st
> Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings).  The Committee
> also heard Judge Metzner of the Southern District of New York, the chairman of a
> Judicial Conference Committee on the administration of the magistrate system,
> testify that he personally followed that practice.  See id., at 11 ("If any objections
> come in, . . . I review [the record] and decide it.  If no objections come in, I
> merely sign the magistrate's order.").  The Judicial Conference of the United
> States, which supported the *de novo* standard of review eventually incorporated in
> § 636(b)(1)(C), opined that in most instances no party would object to the
> magistrate's recommendation, and the litigation would terminate with the judge's

---

> In this Circuit, unpublished orders are not binding precedent, . . . and we have
> generally determined that citation to unpublished opinions is not favored.
> However, if an unpublished opinion or order and judgment has persuasive value
> with respect to a material issue in a case and would assist the court in its
> disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court
concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and
will assist the Court in its disposition of this Memorandum Opinion and Order.

adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but the Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendations, on "dispositive motions, the statute calls for a *de novo*

determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b); citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required . . . . Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it

properly considered the pertinent portions of the record, absent some clear indication otherwise."

Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth

Circuit has previously held that a district court properly conducted a de novo review of a party's

evidentiary objections when the district court's "terse" order contained one sentence for each of

the party's "substantive claims" and did "not mention his procedural challenges to the

jurisdiction of the magistrate to hear the motion."  Garcia v. City of Albuquerque, 232 F.3d at

766.  The Tenth Circuit has explained that any brief district court order that "merely repeat[s] the

language of § 636(b)(1) to indicate its compliance" is sufficient to demonstrate that the district

court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a
> statement and adopt the magistrate judges' recommended dispositions when they
> find that magistrate judges have dealt with the issues fully and accurately and that
> they could add little of value to that analysis. We cannot interpret the district
> court's statement as establishing that it failed to perform the required de novo
> review.

In re Griego, 64 F.3d at 584.

Notably, because a district court may place whatever reliance it chooses on a Magistrate

Judge's proposed findings and recommendations, a district court "may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. §

636(b)(1), as "Congress intended to permit whatever reliance a district judge, in the exercise of

sound judicial discretion, chose to place on a magistrate's proposed findings and

recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted).  See Bratcher

v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's

adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the

de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Pablo v. Soc. Sec. Admin., 2013 WL 1010401 (D.N.M. 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. The Court generally does not, however, "review the PF&RD de novo, because the parties had not objected thereto, but rather review[s] the recommendations to determine whether they clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. See Alexandre v. Astrue, 2013 WL 1010439, at *4 (D.N.M. 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., 2013 WL 1009050, at *5 (D.N.M. 2013)(Browning, J.)(adopting the proposed findings and conclusions, noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendations to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection,

nonetheless provides some review in the interest of justice, and seems more consistent with the

waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court

considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is

nothing in those Reports, however, that demonstrates an intent to require the district court to give

any more consideration to the magistrate's report than the court considers appropriate."). The

Court is reluctant to have no review at all where it issues an order adopting the Magistrate

Judge's proposed findings and recommendations.

### ANALYSIS

Serna timely filed Objections to the PFRD, but the Objections contain no specific factual

or legal points of diversion from the PFRD. Without specific objections, the Court is unable to

conduct the requisite de novo review of the Recommended Disposition. Accordingly, Serna has

waived any specific objections. Moreover, in the absence of specific objections, as United States

v. Raddatz requires, the Court reviews the PFRD to determine whether it is clearly erroneous,

arbitrary, obviously contrary to law, or an abuse of discretion. See Pablo v. Soc. Sec. Admin.,

2013 WL 1010401, at *4. Under this standard, the Court concludes that Judge Lynch's PFRD is

not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

The Court notes that it has previously concluded that an LLC cannot proceed in the

United States District Court for the District of New Mexico without counsel's representation. In

Two Old Hippies, LLC v. Catch the Bus, LLC, 784 F. Supp. 2d 1221 (D.N.M. 2011)(Browning

J.), the Court provided:

> In the District of New Mexico, "[a] corporation or a partnership must be
> represented by an attorney authorized to practice before this Court." D.N.M.LR-
> Civ. 83.7. Local rule 83.8(c) provides:
>
> > When the party is a corporation or partnership, the attorney must
> > give notice in the motion to withdraw that a corporation or

> partnership can appear only with an attorney. Absent entry of
> appearance by a new attorney, any filings made by the party may
> be stricken and default judgment or other sanctions imposed.

D.N.M.LR-Civ. 83.8(c). Local rule 83.8(c) applies to limited liability companies, like Catch the Bus.

. . . .

> In addition to being a District of New Mexico Local Rule, it has also been a long standing legal principle that a corporation must be represented by an attorney to appear in federal court.

Two Old Hippies, LLC v. Catch the Bus, LLC, 784 F. Supp. 2d at 1222-23. The Court also

notes that it was not enthused with this conclusion, then stating:

> Nevertheless, the Court is not writing on a clean slate. The Supreme Court has held corporations must be represented by counsel. See, e.g., Rowland v. Cal. Men's Colony, 506 U.S. [194,] 201-03 [(1993)] ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co., 39 U.S. [14,] 65 [(1840)] ("[A] corporation cannot appear but by attorney. . . ."); Osborn v. Bank of the U.S., 22 U.S. [738,] 830 [(1824)] ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself."). The Tenth Circuit has expanded the rule to "business entit[ies]." Harrison v. Wahatoyas, LLC, 253 F.3d [552,] 556 [(10th Cir. 2001)] ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). See Roscoe v. United States, 134 Fed. Appx. [226,] 228 [(10th Cir. 2005)] ("[A]ppellants contend that the LLC can proceed pro se in this appeal. But it cannot. . . . '[A] corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.'" (quoting Rowland v. Cal. Men's Colony, 506 U.S. at 201-02)). Thus, the Court is bound not to allow any "business entity" to proceed without an attorney.

> Given the arguable tension between the plain language of the statutes and the case law, the Court would be inclined, on a clean slate, not to extend the prohibition against unrepresented corporations further than that entity, and to limit the rule to what the case law requires. On a clean slate, the Court might be inclined to distinguish limited liability companies from corporations. Federal courts do not, for example, find limited liability companies to be comparable to corporations for the purposes of establishing diversity under 28 U.S.C.A. § 1332. In Wise v. Wachovia Securities, LLC, 450 F.3d 265 (7th Cir. 2006)(Posner, J.), the Seventh Circuit stated:

> Because the overriding goal in crafting a jurisdictional rule is simplicity, *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988), the courts have held that all corporations are to be treated alike for diversity purposes: all are citizens both of the state of incorporation and the state in which the corporation has its principal place of business. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg*, 385 F.3d 737, 738-39 (7th Cir. 2004); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004); *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 710 F.2d 87, 89 (2d Cir. 1983). . . . The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members. *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004); *Handelsman v. Bedford Village Associates Limited Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Carden v. Arkoma Associates*, 494 U.S. 185, 192-96 (1990).

1230 450 F.3d at 267. See Carden v. Arkoma Assocs., 494 U.S. 185 [(1990)] ("The resolutions we have reached [for business entities] can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization. But, as must be evident from our earlier discussion, that has been the character of our jurisprudence in this field. . . ."); Zufelt v. Isuzu Motors Am., LCC, 727 F. Supp. 2d 1117, 1127 (D.N.M. 2009)(Browning, J.)("A limited liability company is a citizen of every state of citizenship of any of its members.")(citing Carden v. Arkoma Assocs., 494 U.S. 185). The Tenth Circuit, however, has gone farther and said that "business entit[ies]" -- including limited liability companies -- and not just corporations, may not appear without counsel. Harrison v. Wahatoyas, LLC, 253 F.3d at 556 ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). See Roscoe v. United States, 134 Fed. Appx. at 228 ("[A]ppellants contend that the LLC can proceed pro se in this appeal. But it cannot. . . . '[A] corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.'" (quoting Rowland v. Cal. Men's Colony, 506 U.S. at 201-02)).

Two Old Hippies, LLC v. Catch the Bus, LLC, 784 F. Supp. 2d at 1229-30. Accordingly, the

Honorable Magistrate Judge Lynch correctly concluded in the PFRD that, despite Serna &

Associates' status as a one-principal LLC,[3] the local rules require legal representation of that business entity to proceed any further in federal court.  See Two Old Hippies, LLC v. Catch the Bus, LLC, 784 F. Supp. 2d at 1229-30.

On a clean slate, if Serna is the only principal of the LLC, it would be practical to allow her to proceed pro se and represent the LLC, too.  It is hard to see how Serna d/b/a/ as a sole principal LLC is meaningfully different than as a sole proprietorship, which does not similarly implicate local rule 83.8(c).  The Court is not, however, writing on a clean slate.  The Tenth Circuit has said all "business entities" require an attorney.  See Roscoe v. United States, 134 Fed. Appx. at 228.  The Court and Serna are bound by that legal rule.

The Court has reviewed the PFRD to determine whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  Serna did not object to any of the facts or the legal analysis set forth in the PFRD.  The Court concludes that the recommendations are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  Accordingly, the Court will: (i) adopt the PFRD; (ii) enter a judgment dismissing Serna & Associates' purported claims without prejudice; and (iii) dismiss Serna & Associates from this case.

**IT IS SO ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 12, 2017 (Doc. 103), is adopted; (ii) Serna & Associates Construction Co., LLC's, claims are dismissed without prejudice; and (iii) Serna & Associates is dismissed from this case.

---

[3]See the Plaintiff's Complaint at 2, filed January 9, 2017 (Doc. 1)("Plaintiff Emma Serna is the only officer of the limited liability company [Serna & Associates] and spokes Person [sic]. Plaintiff Emma Serna is the licensed contractor with a GB 98 license.")(emphasis added).

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Emma Serna d/b/a Serna & Associates
    Construction Co., LLC
Albuquerque, New Mexico

    *Plaintiff pro se*

Margette Webster
Albuquerque, New Mexico

    *Defendant pro se*

David Webster
Albuquerque, New Mexico

    *Defendant pro se*

Hector Balderas
    Attorney General for the State of New Mexico
Ari Biernoff
    Assistant Attorney General
Office of the Attorney General
Santa Fe, New Mexico

    *Attorneys for Defendants State of New Mexico, Carl Butkus, Cindy Molina, Alan Malott, Beatrice Brickhouse, Bobby Jo Walker, James O'Neal, Joey Moya, Amy Mayer, Garcia Madeliene, Arthur Pepin, Monica Zamora, Cheryl Ortega, and Nan Nash*

William David Grieg
The Law Office of William D. Grieg, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Clayton Crowley*

Alex Chisolm

    *Defendant pro se*

- 13 -

Terry R. Guebert
Robert Gentile
Guebert Bruckner, PC
Albuquerque, New Mexico

-- and --

Seth Sparks
Rodey, Dickason, Sloan,
   Akin & Robb
Albuquerque, New Mexico

 *Attorneys for Defendant Robert Bob Simon*

Estate of Paul F. Becht
Albuquerque, New Mexico

 *Defendant pro se*

John P. Burton
Charles R. Hughson
Rodey, Dickason, Sloan,
   Akin & Robb
Albuquerque, New Mexico

 *Attorneys for Defendant Carl A. Calvert*

Kenneth C. Downes
Kenneth C. Downes & Associates, PC
Corrales, New Mexico

 *Attorneys for Defendants Martha Murillo, Sally Galanter, New Mexico Construction Industries Division, Robert Unthank, Martin Romero, and Amanda Roybal*

John Wells

 *Defendant pro se*