IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA, d/b/a SERNA &
ASSOCIATES CONSTRUCTION CO., LLC,

      Plaintiff,

v.                                                    CIV 17-0020 JB/JHR

MARGETTE WEBSTER, *et al.*,

      Defendants.

## **THIRD PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

The Honorable James O. Browning referred this matter to the undersigned "to recommend to the Court an ultimate disposition of the case." *Doc. 151*; *see* 28 U.S.C. §§ 636(b)(1)(B), (b)(3); Fed. R. Civ. P. 72(b)(1). The Court has reviewed the Mandate of the United States Court of Appeals for the Tenth Circuit, *Doc. 165*, and all pending filings. Because Plaintiff, Emma Serna, has failed to file an amended complaint or otherwise comply with Judge Browning's most recent Memorandum Opinion and Order, the Court recommends that this case be dismissed with prejudice and that filing restrictions be imposed upon her as set forth in the Order. *See Doc. 153* at 91-92. Finally, all other pending motions should be denied as moot.

    **I)**     **BACKGROUND**

The full history of this case is set forth in the Second Proposed Findings and Recommended Disposition and will not be repeated here. *See Doc. 118*. Most basically, the case arose from a construction contract dispute between Serna and the Webster Defendants in state court. *Id.* at 4-5. Serna lost in state court. She now sues the Websters, their attorney, the attorneys that represented her, the judges that presided over her case, and various clerks and employees of the New Mexico courts and agencies that investigated her claims, generally asserting "that over

1

thirty defendants have violated her constitutional rights and engaged in a widespread conspiracy against her." *Id.* at 5-11.

In all, Serna brought 26 counts against the Defendants. *Id.* at 11-18. In an exceedingly thorough Proposed Findings and Recommended Disposition, which addressed 53 separate filings, Magistrate Judge Lynch recommended that the Court dismiss most of Serna's claims and impose filing restrictions on her. *Id.* at 44. The Court adopted Judge Lynch's recommendations on September 30, 2017. *Doc. 153*. Relevant here, the Court ordered the following:

1. Serna may file one amended complaint as only to Defendants Chisholm, Simon and the Estate of Paul Becht. Serna must file the amended complaint within ten days from this Order's date of entry, and may not contain criminal charges of any kind.

2. Serna may show cause, in one written document, why filing restrictions should not be imposed against her. Serna must submit this document within ten days from this Order's date of entry and must not contain spurious allegations of bribery, collusion, or other fancies that the world has conspired against her.

3. The Clerk of Court is directed not to accept any other filings, other than those described in (1) and (2), from Serna in this matter until further Order of the Court.

4. Unless Serna files a timely and compliant response, the Court will impose the following restrictions on Serna on the eleventh day after this Order's date of entry:

    a. To obtain permission to proceed pro se against the Defendants named herein, Serna must take the following steps:

        i. File a petition with the Clerk of the Court requesting leave to file a pro se original proceeding against the Defendants.

        ii. File with the Clerk a notarized affidavit, in proper legal form, which recites the issues she seeks to present, including a short discussion of the legal right asserted and why the Court has jurisdiction over the matter. The affidavit must certify, to the best of Serna's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the

2

> new suit is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that she will comply with all Federal and local rules of this Court. The affidavit must certify why the proposed new suit does not present the same issues decided by this Court and repeatedly addressed by the New Mexico courts and why another suit against these Defendants would not be an abuse of the system.
>
> 5. Serna shall submit these documents to the Clerk of the Court, who shall forward them to the Chief United States Magistrate Judge for review to determine whether to permit a pro se original proceeding. Without the Chief Magistrate Judge's approval, and the concurrence of the assigned Article III Judge, the Court will dismiss the action. If the Chief Magistrate Judge approves the filing, he or she shall enter an order indicating that the new proceeding shall proceed in accordance with the Federal Rules of Civil Procedure.
>
> 6. Serna shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed restrictions. If Serna does not file objections, the restrictions shall take affect eleven days from the date of this order. The filing restrictions shall apply to any matter filed after that time. If Serna timely files objections, these restrictions shall not take effect until the Court has ruled on the objections.

*Doc. 153* at 91-92.

Serna did not file an amended complaint, nor did she file a response to the Court's proposed filing restrictions. Instead, Serna filed an appeal with the Tenth Circuit. *See Doc. 156*. She also filed a motion to recuse Judge Browning from presiding over this case. *Doc. 164*. The Tenth Circuit has since remanded the case to this Court because "[t]o date, Ms. Serna has not filed an amended complaint, nor has the district court dismissed the case. As a result, the district court has not entered a final decision and we lack jurisdiction under 28 U.S.C. § 1291." *Doc. 165-1* at 3. Thereafter, Serna filed and a "Motion to Enforce State Mandate and Reconsideration of the Judges Recommended Disposition," *Doc. 167*, but she has not filed an amended complaint or objections to the Court's proposed filing restrictions. The Judicial Defendants have since filed a Renewed Motion to Impose Filing Restrictions on Plaintiff. *Doc. 168*.

3

## II) LEGAL STANDARDS

### A) Involuntary Dismissal With Prejudice

"Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with the Federal Rules of Civil Procedure or any order of [the] court." *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (quotation omitted). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts as here to dismiss actions sua sponte for a plaintiff's failure to comply with the rules of civil procedure or court's orders." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr.*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (quoting *Olsen*, 333 F.3d at 1204 n.3). However, certain criteria must be considered before the Court is permitted to dismiss a case with prejudice:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* at 1162 (quoting *Olsen* 333 F.3d at 1204). "A district court should ordinarily consider and address all of the above factors before imposing dismissal as a sanction. However, often some of these factors will take on more importance than others." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 922 (10th Cir. 1992). Ultimately, a district court's decision to dismiss a case under Rule 41(b) is reviewed for abuse of discretion. *Nasious*, 492 F.3d at 1161. "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Ehrenhaus*, 965 F.2d at 918). "Dismissing a case with prejudice serves at least two purposes. It penalizes the party whose conduct warrants the sanction and discourages 'those who might be tempted to such conduct in the absence of such a deterrent.'" *Jones v. Thompson*, 996

F.2d 261, 266 (10th Cir. 1993) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

### B) Filing Restrictions

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam)). Thus, "[f]ederal courts have the inherent power 'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *Id.* "Injunctions restricting further filing are appropriate where (1) 'the litigant's lengthy and abusive history' is set forth; (2) the court provides guidelines as to what the litigant 'must do to obtain permission to file an action'; and (3) the litigant received 'notice and an opportunity to oppose the court's order before it is instituted.'" *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (quotation omitted). The only caveat to this power is that the restrictions entered must not be overly broad. *See Sieverding*, 469 F.3d at 1344-45 (filing restrictions limited to courts within the Tenth Circuit and to the same subject matter and defendants at issue); *see also Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) ("The filing restrictions imposed on Mr. Andrews by the district court are therefore modified to cover only filings in these or future matters related to the subject matter of Mr. Andrews's three federal lawsuits.").

### III) ANALYSIS

#### A) The Court recommends that this matter be dismissed with prejudice.

Applying the *Ehrenhaus* criteria to this case, the Court finds that dismissal alone, with prejudice, would satisfy the "interests of justice." First, Defendants have been substantially

prejudiced by having to face off with Serna in various New Mexico courts, and continue to be prejudiced by being faced with and responding to the unsupported allegations in her complaint. *See Nasious*, 492 F.3d at 1162 ("This court has long recognized that defendants are prejudiced by having to respond to pleadings as wordy and unwieldy as Mr. Nasious's pleading remains."). As this Court has already recognized, "Serna's history with these Defendants is lengthy and abusive, as set forth in the state court record and as the voluminous and duplicative filings in this case make clear." *Doc. 153* at 91.

Second, Serna's actions and numerous filings have substantially interfered with the judicial process, as this Court has been continuously forced to slog through voluminous and duplicative filings containing spurious and unsupported allegations. *See Nasious*, 492 F.3d at 1163 (discussing the "disadvantages to the administration of justice imposed in circumstances like these").

The third and fourth *Ehrenhaus* criteria are related. *Nasious*, 492 F.3d at 1163 ("The notice and culpability tests are in some sense the opposite sides of the same coin in this context, for the culpability of a *pro se* litigant for filing a still-prolix amended complaint depends in great measure on the usefulness of the notice he or she has received from the court about what is (and is not) expected in an initial pleading."). Here, the Court explicitly instructed Serna to file one complaint against the three remaining Defendants and further instructed the clerk to not accept any filings other than said amended complaint and Serna's response to the Court's proposed filing restrictions. Serna did not comply with these directives; she did not even attempt to do so. Instead, she filed additional baseless allegations against Judge Browning and a frivolous notice of appeal. As such, Serna has demonstrated that she is culpable for her failings, and she was on notice that this case could be dismissed for her subsequent failure to comply with the Court's

September 30, 2017, Order.

Finally, the Court must consider the efficacy of lesser sanctions, especially in the case of a *pro se* party. *Nasious*, 492 F.3d at 1163. One such lesser sanction is the dismissal of this case without prejudice. *Id.* The Court has considered this sanction, and finds that it is inappropriate here. The Court has already permitted Serna an opportunity to file an amended complaint specific to the only remaining Defendants. Dismissing the case without prejudice would only give Serna another bite at the apple, and another opportunity to substantially burden the Defendants and the Court. The Court has also considered a partial dismissal, leaving intact only those claims that are adequately stated. *Id.* This, too, is an inappropriate sanction in this case given that Serna has been provided with ample opportunity to file an amended complaint against the remaining Defendants.

**B) The Court recommends that filing restrictions be imposed upon Serna as set forth in the Court's September 30, 2017, Memorandum Opinion and Order.**

As required by Tenth Circuit law, Serna's "lengthy and abusive history" was fully set forth by Judge Lynch in the Second Proposed Findings and Recommended Disposition. *See Doc. 118*. Judge Browning's Memorandum Opinion and Order adopting those findings then set out guidelines for Serna to follow to "obtain permission to file an action" "pro se against the Defendants named [therein]," and provided Serna with an opportunity to oppose the proposed restrictions. *Doc. 153* at 92. Yet, rather than respond in accordance with Judge Browning's Order, Serna chose to file a frivolous notice of appeal and motion to recuse Judge Browning. The Court, accordingly, recommends that the filing restrictions proposed in Judge Browning's September 30, 2017, Memorandum Opinion and Order be entered. *Compare Doc. 153* at 91-92 *with, e.g., Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1345 (10th Cir. 2006); *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007); *Ysais v. Richardson*, 603 F.3d 1175, 1181 (10th Cir. 2010); *Judd v. Univ. of New Mexico*, 204 F.3d 1041, 1043 (10th Cir. 2000).

## IV) CONCLUSION

For the foregoing reasons, the undersigned recommends that this case be dismissed with prejudice, and that filing restrictions be imposed upon Serna as set forth in the Court's September 30, 2017, Memorandum Opinion and Order.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE