IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA, d/b/a SERNA &
ASSOCIATES CONSTRUCTION CO., LLC,

    Plaintiff,

vs.                                               No. CIV 17-0020 JB/JHR

MARGETTE WEBSTER; DAVID WEBSTER;
STATE OF NEW MEXICO, U.S. Judicial
Court Division; CLAYTON CROWLEY;
ALEX CHISHOLM; CARL BUTKUS; CINDY
MOLINA; ALAN MALOTT; BEATRICE
BRICKHOUSE; BOBBY JO WALKER;
JAMES O'NEAL; ROBERT BOB SIMON;
ESTATE OF PAUL F. BECHT; CARL A.
CALVERT; JOEY MOYA; AMY MAYER;
GARCIA MADELIENE; ARTHUR PEPIN;
MONICA ZAMORA; CHERYL ORTEGA;
JOHN DOE #1; PAT MCMURRAY;
MARTHA MUTILLO; SALLY GALANTER;
NEW MEXICO CONSTRUCTION
INDUSTRIES DIVISION; ROBERT "MIKE"
UNTHANK; MARTIN ROMERO; AMANDA
ROYBAL; NAN NASH and JOHN WELLS,

    Defendants.

## AMENDED[1] MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S THIRD PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, DISMISSING THIS CASE WITH PREJUDICE, AND IMPOSING FILING RESTRICTIONS UPON PLAINTIFF, EMMA SERNA

---

[1]The Court files this Amended Memorandum Opinion and Order to correct typographical errors. In the original Memorandum Opinion and Order Adopting the Magistrate Judge's Third Proposed Findings and Recommended Disposition, Dismissing this Case with Prejudice, and Imposing Filing Restrictions Upon Plaintiff, Emma Serna, filed March 31, 2018 (Doc. 179) ("Original MOO"), the Court wrote:

> The Court knows some of the Defendants, as it know many members of the New Mexico bar and judiciary . . . . To the best of the Court's memory, it has been in any of the Defendants home or they in the Court's home. The Court noted at the

**THIS MATTER** comes before the Court on the Magistrate Judge's Third Proposed Findings and Recommended Disposition, filed January 26, 2018 (Doc. 172)("Third PFRD"). The Court, having conducted a de novo review, concludes that the Honorable Judge Jerry H. Ritter, United States Magistrate Judge's conclusions and recommendations in the Third PFRD are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court, therefore, will adopt the Third PFRD. Accordingly, the Court will dismiss this case with prejudice and impose filing restrictions on Plaintiff Emma Serna as set forth in the Court's Memorandum Opinion Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition at 91-92, filed September 30, 2017 (Doc. 153)("MOO"). The Court denies all other pending motions as moot.

## FACTUAL BACKGROUND

The Honorable William P. Lynch, United States Magistrate Judge, set forth the case's full history in the Second Proposed Findings and Recommended Disposition, filed May 4, 2017 (Doc. 118)("Second PFRD"). The Court will not repeat those facts here. The case arises from Serna's construction contract dispute with Defendants Margette Webster and David Webster in state court. See Second PFRD at 4-5. Serna lost in state court.

---

> Defendants' names when it was assigned the case . . . and did not see any reason to recuse itself.

Original MOO at 15 n.3. That footnote now correctly reads:

> The Court knows some of the Defendants, as it knows many members of the New Mexico bar and judiciary . . . . To the best of the Court's memory, it has not been in any of the Defendants' homes or they in the Court's home. The Court reviewed the Defendants' names when it was assigned the case . . . and did not see any reason to recuse itself.

Infra at 16 n.4.

## PROCEDURAL BACKGROUND

Serna now sues the Websters, their attorney, the attorneys that represented her, sthe judges that presided over Serna's case, and various clerks and employees of the New Mexico courts and agencies that investigated Serna's claims; she also generally asserts "that over thirty defendants have violated her constitutional rights and engaged in a widespread conspiracy against her." Second PFRD at 5-11. In all, Serna brought 26 counts against the Defendants. See Second PFRD at 11-18. In the Second PFRD, which addressed 53 separate filings, Magistrate Judge Lynch recommended that the Court dismiss most of Serna's claims and impose filing restrictions on her. See Second PFRD at 44. The Court adopted Magistrate Judge Lynch's recommendations on September 30, 2017. See MOO at 1. Relevant here, the Court ordered the following:

1. Serna may file one amended complaint as only to Defendants [Alex] Chisholm, [Robert] Simon and the Estate of Paul Becht. Serna must file the amended complaint within ten days from this Order's date of entry, and may not contain criminal charges of any kind.

2. Serna may show cause, in one written document, why filing restrictions should not be imposed against her. Serna must submit this document within ten days from this Order's date of entry and must not contain spurious allegations of bribery, collusion, or other fancies that the world has conspired against her.

3. The Clerk of Court is directed not to accept any other filings, other than those described in (1) and (2), from Serna in this matter until further Order of the Court.

4. Unless Serna files a timely and compliant response, the Court will impose the following restrictions on Serna on the eleventh day after this Order's date of entry:

    a. To obtain permission to proceed pro se against the Defendants named herein, Serna must take the following steps:

        i. File a petition with the Clerk of the Court requesting leave to file a pro se original proceeding against the Defendants.

  ii. File with the Clerk a notarized affidavit, in proper legal form, which recites the issues she seeks to present, including a short discussion of the legal right asserted and why the Court has jurisdiction over the matter. The affidavit must certify, to the best of Serna's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the new suit is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that she will comply with all Federal and local rules of this Court. The affidavit must certify why the proposed new suit does not present the same issues decided by this Court and repeatedly addressed by the New Mexico courts and why another suit against these Defendants would not be an abuse of the system.

5. Serna shall submit these documents to the Clerk of the Court, who shall forward them to the Chief United States Magistrate Judge for review to determine whether to permit a pro se original proceeding. Without the Chief Magistrate Judge's approval, and the concurrence of the assigned Article III Judge, the Court will dismiss the action. If the Chief Magistrate Judge approves the filing, he or she shall enter an order indicating that the new proceeding shall proceed in accordance with the Federal Rules of Civil Procedure.

6. Serna shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed restrictions. If Serna does not file objections, the restrictions shall take affect eleven days from the date of this order. The filing restrictions shall apply to any matter filed after that time. If Serna timely files objections, these restrictions shall not take effect until the Court has ruled on the objections.

MOO at 91-92.

  Serna did not file an amended complaint, nor did she file a response to the Court's proposed filing restrictions. Instead, Serna filed an appeal with the United States Court of Appeals for the Tenth Circuit. See Notice of Appeal From U.S. District Court, filed October 6, 2017 (Doc. 156). She also filed a motion to recuse the Court from presiding over this case. See Motion to Recuse & Show Cause With Respect to Court Proceedings, filed October 31, 2017 (Doc. 164)("Motion to Recuse"). The Tenth Circuit has since remanded the case to the Court,

because, "[t]o date, Ms. Serna has not filed an amended complaint, nor has the district court dismissed the case. As a result, the district court has not entered a final decision and we lack jurisdiction under 28 U.S.C. § 1291." Order at 3, (dated November 27, 2017) filed November 27, 2017 (Doc. 165-1). Thereafter, Serna filed a Motion to Enforce State Mandate and Reconsideration of the Judges Recommended Disposition, filed December 7, 2017 (Doc. 167), but she has not filed an amended complaint or objections to the Court's proposed filing restrictions. Defendants Judge Monica Zamora, Judge Beatrice Brickhouse, Judge Carl Butkus, Judge Alan Malott, Joey Moya, Amy Mayer, Madeline Garcia, Lynette Rodriguez, Arthur Pepin, Cheryl Ortega, James Noel, Cindy Molina, Bobby Jo Walker, and the State of New Mexico ("Judicial Defendants") have since filed Judicial Defendants' *Renewed* Motion to Impose Filing Restrictions on Plaintiff, filed December 8, 2017 (Doc. 168)(emphasis in original).

Magistrate Judge Ritter sets forth this procedural history in the Third PFRD. See Third PFRD at 2-3. Then, after discussing the applicable standards, Magistrate Judge Ritter recommends that the Court dismiss this case with prejudice as a sanction for Serna's lengthy and often abusive filing history, and for her failure to comply with the Court's most recent MOO. See Third PFRD at 5-7. Finally, Magistrate Judge Ritter reviewed the filing restrictions that the Court proposed and recommended that the Court enter them. See Third PFRD at 7-8.

Since Magistrate Judge Ritter entered his Third PFRD, Serna has filed several documents: (i) Document #172 Dated 1/26/2018 Acceptance of Reviewal [sic] by Federal Court of Appeals for Abuse of Discretion, filed February 2, 2018 (Doc. 173)("Abuse of Discretion Motion") ; Motion: to the Honorable Chief Judge M. Christina Armijo Recusal of Judge Browning, filed February 6, 2018 (Doc. 174); and (iii) To The Honorable Chief Justice [sic]: Jude Johnson, Emergency Request: Order to State District Court to Cancel Hearing of March 28,

2018 @ 10:00 A.M. Defendant Judge Nan Nash presiding over Case 202-cv-2007-06641 consolidated w/cv-2007-09594, filed March 9, 2018 (Doc. 176)("Cancel Request"). In the Cancel Request, Serna does not address the PFRD, but in the Abuse of Discretion Motion, Serna argues (i) that her case is not frivolous or malicious, and (ii) that the Court should not impose filing restrictions. See generally Abuse of Discretion Motion at 1-5, 7-9.

### LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus

attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel") (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[2] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th

---

[2]Congress enacted the Federal Magistrates Act, 28 U.S.C. § 631, in 1968.

Cir. 2007)(unpublished).[3]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee

---

[3]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address

merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet 28 U.S.C. § 636(b)(1)'s requirements when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766

(10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular

- 11 -

reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where, as here, no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. See 2013 WL 1010401, at **1, 4. The Court stated that it generally does not, however, "review the [Proposed Findings and Recommended Disposition] de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." 2013 WL 1010401, at *4.

The Court, when there are no objections, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" 2013 WL 1010401, at *3 (alterations omitted)(footnote omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. Dec. 28, 2012)(Browning, J.)). See Alexandre v. Astrue, No. CIV 11-0384, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt

the [Proposed Findings and Recommended Disposition]."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting that "[t]he Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not"). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged de novo review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order or opinion adopting the Magistrate Judge's proposed findings and recommendations.

**LAW REGARDING INVOLUNTARY DISMISSAL WITH PREJUDICE**

"Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with the Federal Rules of Civil Procedure or any order of [the] court." Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003)(quotation omitted). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts as here to dismiss actions sua sponte for a plaintiff's failure to comply with the rules of civil procedure or court's orders." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr., 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (quoting Olsen v. Mapes, 333 F.3d at 1204 n.3). However, certain criteria must be considered

before the Court is permitted to dismiss a case with prejudice:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr., 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204). "A district court should ordinarily consider and address all of the above factors before imposing dismissal as a sanction. However, often some of these factors will take on more importance than others." Ehrenhaus v. Reynolds, 965 F.2d 916, 922 (10th Cir. 1992). Ultimately, a district court's decision to dismiss a case under Rule 41(b) is reviewed for abuse of discretion. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr., 492 F.3d at 1161. "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." Gripe v. City of Enid, Okl., 312 F.3d 1184, 1188 (10th Cir. 2002)(quoting Ehrenhaus v. Reynolds, 965 F.2d at 918). "Dismissing a case with prejudice serves at least two purposes. It penalizes the party whose conduct warrants the sanction and discourages 'those who might be tempted to such conduct in the absence of such a deterrent.'" Jones v. Thompson, 996 F.2d 261, 266 (10th Cir. 1993)(quoting National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976)).

## LAW REGARDING FILING RESTRICTIONS

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Sieverding v. Colorado Bar Ass'n, 469 F.3d 1340, 1343 (10th Cir. 2006)(quoting Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989)(per curiam)). Thus, "[f]ederal courts have the inherent power 'to regulate the activities of abusive litigants by imposing carefully tailored

restrictions under the appropriate circumstances.'" Sieverding v. Colorado Bar Ass'n, 469 F.3d at 1343.

> Injunctions restricting further filing are appropriate where (1) "the litigant's lengthy and abusive history" is set forth; (2) the court provides guidelines as to what the litigant "must do to obtain permission to file an action"; and (3) the litigant received "notice and an opportunity to oppose the court's order before it is instituted."

Ysais v. Richardson, 603 F.3d 1175, 1180 (10th Cir. 2010)(quoting Tripanti v. Beaman, 878 F.3d at 352). The only caveat to this power is that the restrictions entered must not be overly broad. See Sieverding v. Colorado Bar Ass'n, 469 F.3d at 1344-45 (filing restrictions limited to courts within the Tenth Circuit, and to the same subject matter and defendants at issue). See also Andrews v. Heaton, 483 F.3d 1070, 1077 (10th Cir. 2007)("The filing restrictions imposed on Mr. Andrews by the district court are therefore modified to cover only filings in these or future matters related to the subject matter of Mr. Andrews's three federal lawsuits.").

## **ANALYSIS**

Serna objects to the Third PFRD's recommendation that the Court dismiss her case with prejudice on the ground that her case is not frivolous or malicious. See Abuse of Discretion Motion at 1-2. This Objection does not address the thrust of the Magistrate Judge's recommendation, which contemplates the dismissal of Serna's case for the failure to comply with the Court's Memorandum Opinion and Order, and not because the case is frivolous or malicious. To the contrary, the Court's most recent Memorandum Opinion and Order explicitly provided Serna with an opportunity to file an amended complaint against Chisholm, Simon, and Estate of Becht. See MOO at 91. Rather than comply with the Court's directives, Serna continued her

practice of submitting filings that do not have a sound basis in the facts and in the applicable law.[4]

The Court therefore agrees with Magistrate Judge Ritter that, applying the Ehrenhaus v. Reynolds criteria to this case, dismissal alone, with prejudice, would satisfy the "interests of justice." In reaching this conclusion, the Court has explicitly considered the efficacy of lesser sanctions, especially in the case of Serna, a pro se party, see Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr., 492 F.3d at 1163, and nonetheless concludes that dismissal with prejudice is the only way to adequately communicate to Serna the gravity of her refusal to comply with Court orders.

Finally, the Court agrees with Magistrate Judge Ritter that filing restrictions against Serna are appropriate. As Tenth Circuit law requires, Judge Lynch sets forth Serna's "lengthy and

---

[4] The Court agrees with Magistrate Judge Ritter that Serna's Motion to Recuse lacks a sound basis. See Third PFRD at 7. In the Motion to Recuse, Serna expresses dissatisfaction with the Court's conclusions in its MOO. See, e.g., Motion to Recuse at 1 (stating that the Court "has wantonly refused to provide due process and equal protection"); id. at 3 ("Judge Browning . . . refused to send the Sheriff's department an order to return Serna's money."). "[T]he law is clear that adverse rulings do not provide a basis for recusal." Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch., No. CIV 02-1146 JB/LFG, 2007 WL 5231709, at *5 (D.N.M. Aug. 24, 2007)(citing Liteky v. United States, 510 U.S. 540 (1994), 555; United States v. Nickl, 427 F.3d 1286, 1298 (10th Cir. 2005)), aff'd sub nom. Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch., 295 F. App'x 885 (10th Cir. 2008). Serna also asserts that there is actual bias and/or an appearance of impropriety in the Court presiding over a case in which judges are among the defendants. See Motion for Recusal at 2. The fact that judges are defendants is not sufficient reason for the Court to recuse. The Court knows some of the Defendants, as it knows many members of the New Mexico bar and judiciary, because it practiced law and has been on the bench in the state for many years. The Court does not, however, have a substantially different relationship with these Defendants than it does with all members of the bar and of the state judiciary. To the best of the Court's memory, it has not been in any of the Defendants' homes or they in the Court's home. The Court reviewed the Defendants' names when it was assigned the case, as it does in every case, and did not see any reason to recuse itself. See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995)(stating that "mere familiarity with the defendant(s)" is not sufficient to require a judge's recusal). Cf. Sain v. Snyder, No. CIV08-1019JB/LFG, 2009 WL 1329520, at *4 (D.N.M. Apr. 6, 2009)("A judge is not required to automatically recuse himself from a case because a litigant in that case brings an action against the judge.").

abusive history" in the Second PFRD.  Second PFRD at 43.  The Court's Memorandum Opinion and Order adopting those findings then sets out guidelines for Serna to follow to "obtain permission to file an action" "pro se against the Defendants named [therein]" and provided Serna with an opportunity to oppose the proposed restrictions.  MOO at 92.  Rather than respond, Serna chose to file a frivolous notice of appeal.  Serna has only continued these tactics since Magistrate Judge Ritter entered his Third PFRD.  As to Serna's Objections that the Court should not impose filing restrictions because her case is not frivolous or malicious, and because the Defendants have shown no prejudice, see Abuse of Discretion Motion at 4, as the Court explained above, the Court is not imposing filing restrictions because Serna's case is frivolous.  Rather, the Court imposes filing restrictions because Serna has failed to comply with the Court's directives, and has shown that she is capable of "lengthy and abusive" filing practices.  See Sieverding v. Colorado Bar Ass'n, 469 F.3d at 1343.

**IT IS ORDERED** that: (i) the Magistrate Judge's Third Proposed Findings and Recommended Disposition, filed January 26, 2018 (Doc. 172), is adopted; (ii) this case is dismissed with prejudice; (iii) Defendants' Motion to Strike and Dismiss Plaintiff's Complaint, filed August 23, 2017 (Doc. 147) and Plaintiff Sernas' [sic] Motion for Leave to File a Surreply Objection to Dismiss & Strike Plaintiff's Complaint, filed August 25, 2017 (Doc. 148) are denied as moot; (iv) filing restrictions upon Plaintiff Emma Serna as set forth in the Court's Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition at 91-92, filed September 30, 2017 (Doc. 153) are imposed; and (v) a Final Judgment pursuant to rule 58 of the Federal Rules of Civil Procedure will be entered concurrently herewith.


UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Emma Serna d/b/a Serna & Associates
  Construction Co., LLC
Albuquerque, New Mexico

> *Plaintiff pro se*

Margette Webster
Albuquerque, New Mexico

> *Defendant pro se*

David Webster
Albuquerque, New Mexico

> *Defendant pro se*


Hector Balderas
  Attorney General for the State of New Mexico
Ari Biernoff
  Assistant Attorney General
Office of the Attorney General
Santa Fe, New Mexico

> *Attorneys for Defendants State of New Mexico, Carl Butkus, Cindy Molina, Alan Malott, Beatrice Brickhouse, Bobby Jo Walker, James O'Neal, Joey Moya, Amy Mayer, Garcia Madeliene, Arthur Pepin, Monica Zamora, Cheryl Ortega, and Nan Nash*

William David Grieg
The Law Office of William D. Grieg, LLC
Albuquerque, New Mexico

> *Attorneys for Defendant Clayton Crowley*

Alex Chisolm

> *Defendant pro se*

Terry R. Guebert
Robert Gentile
Guebert Bruckner, PC
Albuquerque, New Mexico

-- and --

Seth Sparks
Rodey, Dickason, Sloan,
   Akin & Robb
Albuquerque, New Mexico

> *Attorneys for Defendant Robert Bob Simon*

Estate of Paul F. Becht
Albuquerque, New Mexico

> *Defendant pro se*

John P. Burton
Charles R. Hughson
Rodey, Dickason, Sloan,
   Akin & Robb
Albuquerque, New Mexico

> *Attorneys for Defendant Carl A. Calvert*

Kenneth C. Downes
Kenneth C. Downes & Associates, PC
Corrales, New Mexico

> *Attorneys for Defendants Martha Murillo, Sally Galanter, New Mexico Construction Industries Division, Robert Unthank, Martin Romero, and Amanda Roybal*

John Wells

> *Defendant pro se*